*J. A. Duncan, Green & Lindsay, for appellants.*

*Geo. C. Drane, for appellee.*

---

JOHN A. FAULDS *v.* W. B. DAVIS.

[Abstract Kentucky Law Reporter, Vol. 3—760.]

**Payment to Partnership.**

   A payment to one partner is a payment to the partnership.

**Jurisdiction of the Person.**

   When, in a suit against a debtor, the debtor files a cross-complaint against plaintiff and alleges that another person is a partner of plaintiff and that the partner is indebted to cross-complaint, but does not name such partner as a party nor have him served with process, the court has no jurisdiction over said partner and can not bind him by transferring the cause to equity in order to settle the partnership accounts between the plaintiff and such partner.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 15, 1882.

OPINION BY JUDGE LEWIS:

Appellee brought this action to recover one-half the proceeds of tobacco sold by him to appellant, the other half being paid to him before the commencement of the action. The sale is evidencd by two receipts executed by appellant at the different dates the tobacco was delivered. The first one, differing from the other only as to the amount and price of tobacco sold, is as follows: "Owensboro, Ky., 22 March, 1874. Received of W. B.

Davis 2960 lbs. of leaf tobacco, 1180 lbs. lugs, 1165 lbs. trash and 65 lbs. net trash, $320. John A. Faulds." Upon each of the receipts is the following indorsement: "One-half of the within receipt paid this May 4, 1874. John A. Faulds, per Howitt."

In his answer appellant alleges that the tobacco for which the receipts were given was the partnership property of and jointly owned by appellee and Lewis Sublett, and that before the commencement of the action he paid to Sublett one-half the price agreed to be paid, and the balance to appellee; that appellee and Sublett being partners and equally interested in the tobacco, Sublett had the right to collect and appellant had the legal right to pay the proceeds to him; but that if he was mistaken in his rights then Lewis Sublett is indebted to him in the sum of $309, being the one-half so paid to him; and to recover that sum he made his answer a cross-petition against Sublett.

At the December term, 1876, of the court, after the jury was empanneled and sworn to try the issue between appellant and appellee, Sublett not having been summoned upon the cross-petition, the court without motion discharged the jury, transferred the action to equity and referred it to the master commissioner to ascertain the fact of partnership, and if a partnership for the settlement of the accounts of the parties, to which order both parties excepted. The order of the court transferring the action to equity at this stage of the proceedings, as was done, is assigned as one of the errors. The court, in making the order, assumed that the defendant below, appellant here, could not get the benefit of any payment made to Sublett of the interest Sublett may have had in the tobacco except by a settlement and adjustment of the partnership accounts between the plaintiff and Sublett. But Sublett, though made a defendant to the cross-petition, was not made a defendant to the original action, nor did he enter his appearance as such.

The issue as to how the partnership accounts stood between Davis, the plaintiff in the action, and Sublett was solely between the plaintiff and defendant, Faulds, and all the proof was taken and the report of the commissioner ascertaining the balance due from Sublett to the plaintiff was made without Sublett being a party to the issue, and in proceedings thus had the judgment was rendered against appellant for the amount found due by

Sublett to the plaintiffs. If it was proper to transfer the action to equity in order to settle the partnership accounts between the plaintiff and Sublett, it was indispensable to make Sublett a party in order to bind him by the proceedings had and the judgment rendered ascertaining and determining how the accounts between them stood. Sublett is not concluded by the judgment, and has the right by another action against the plaintiff to compel a settlement that may show an entirely different result. Such being the case the judgment against the defendant, Faulds, was at least premature.

Besides, we do not perceive in this case a sufficient reason for disregarding that a payment to one is a payment to both partners. Though the tobacco was delivered by Davis, and the two receipts executed by appellant to him, it is shown, in fact not controverted, that it was partnership property, one-half belonging to Sublett. There is no bad faith or collusion between Faulds and Sublett nor any other fact shown authorizing an exception to that rule in this case. On the contrary, the payment to and receipt by Davis of one-half the proceeds of each lot sold, and the significant indorsement upon each of the receipts in Davis' possession of not a stated sum, but of "one-half," was calculated to induce the belief that Sublett was entitled to the other half.

Though it is not as fully shown as it ought to have been that appellant did actually pay the remaining half of the proceeds of the tobacco to Sublett, we think it satisfactorily appears from all the circumstances in the case that the payment was made to Sublett or his attorneys for him.

Wherefore the judgment of the court below is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Owen & Ellis, for appellant.*

*Sweeney & Son, for appellee.*

